**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **CATERPILLAR FINANCIAL SERVICES CORPORATION** | **PLAINTIFF** |
| **v.** | **CAUSE NO. 1:26CV91-LG-RPM** |
| **CHAZ WALTMAN AND MISSISSIPPI FENCE, LLC** | **DEFENDANTS** |

**ORDER GRANTING PLAINTIFF'S [11] MOTION FOR DEFAULT JUDGMENT**

**BEFORE THE COURT** is Plaintiff Caterpillar Financial Services Corporation's ("Cat Financial") Motion for Default Judgment against Defendants Chaz Waltman and Mississippi Fence, LLC ("Mississippi Fence"). For the following reasons, the Court grants Cat Financial's motion.

**BACKGROUND**

Waltman and Mississippi Fence entered into an Installment Sales Contract (No. 001-70182232) with Puckett Machinery Company ("Puckett") for a 2025 Caterpillar 265-05 Compact Track Loader, Serial Number KR404172 and a 2025 SHEAREX HM-60SR Mulcher, Serial Number 2500HB0169 (collectively, the "Equipment"). Puckett assigned its rights in the contract to Cat Financial. Waltman entered into a Guaranty Agreement with Cat Financial wherein he personally guaranteed that Mississippi Fence would perform its obligations under the contract. Cat Financial had a first, priority security interest in the Equipment; Cat Financial filed UCC statements noting its security interest in the Equipment.

Waltman and Mississippi Fence failed to fully pay Cat Financial amounts owed under the terms of the contract. On March 26, 2026, Cat Financial filed this lawsuit against Waltman and Mississippi Fence based on their obligations to pay under the terms of the contract and other documents executed in connection with the contract. Cat Financial alleges replevin, breach of the installment sale contract, breach of guaranty agreement, and that Waltman is individually liable for Mississippi Fence's obligations.

Cat Financial seeks a judgment compelling the defendants to return the Equipment; an award of money damages against the defendants, jointly and severally, in the amount of $160,940.47, together with the per diem $22.19 amount owed at the time of judgment; all attorneys' fees; pre-judgment and post-judgment interest; punitive damages; costs and expenses incurred related to this action; along with all further and/or relief to which Cat Financial may be entitled at law or in equity. Cat Financial now moves for default judgment against Waltman and Mississippi Fence.

**DISCUSSION**

"Obtaining an entry of default judgment is a three-step process: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment." *Strange v. Glob. Virtual Opportunities, Inc.*, No. 6:18-cv-180-ADA-JCM, 2019 WL 414961, at *1 (W.D. Tex. Jan. 8, 2019); Fed. R. Civ. P. 55.[1] Once the first

[1] The Court independently determines it has both personal and subject matter jurisdiction over the parties and lawsuit. *See Riley v. Bondi*, 606 U.S. 259, 273

two steps are satisfied, a court must use its discretion to determine whether an entry of default judgment is appropriate. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). The movant satisfies the first and second steps "where a defendant fails to answer or respond to a complaint, as there are no material facts at issue." *See Reunion Cap. LLC v. Asgari-Majd*, No. 1:24-cv-69-LG-RPM, 2024 WL 1893556, at *3 (S.D. Miss. Apr. 30, 2024) (citation modified).

On April 8, 2026, Cat Financial completed service on Waltman and Mississippi Fence. Summons [4]; Summons [5]. Waltman and Mississippi Fence's responsive pleadings were due by April 29, 2026. Fed. R. Civ. P. 12(a)(1)(A)(i). The Clerk of Court entered default against the defendants on May 1, 2026. The defendants attempted to file a motion for extension of time; the Court struck the motion because Mississippi Fence lacked an attorney and noted the Clerk of Court had entered default against the defendants. *See* Order [10]. Since the [10] Order, the defendants have not responded to Cat Financial's [1] Complaint and have not responded to Cat Financial's [11] Motion for Default Judgment or otherwise filed any document before the Court. Accordingly, the first two steps for obtaining a default judgment are satisfied. *See Rogers*, 167 F.3d at 936. The Court, in its discretion, now must determine whether default judgment is appropriate. *See id.*

Granting default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v.*

(2025) ("[T]he court cannot proceed unless it makes an independent determination that it has jurisdiction.").

*Pelican Homestead & Sav. Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989) (citation omitted). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, which are assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation modified). When determining whether a party's allegations are well pleaded, the Court considers whether a plaintiff's complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); *Wooten*, 788 F.3d at 498. To satisfy that requirement, a plaintiff need only include enough facts in the complaint to "raise a right to relief above the speculative level[.]" *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Cat Financial raises claims for breach of contract and breach of guaranty agreement. *See* Compl. [1] at 4–6. "A breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken, or breached it." *Maness v. K & A Enters. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (citation modified). Given the Installment Sales Contract and continuing guaranty agreement in the record, the Court finds that Cat Financial has adduced sufficient evidence that default judgment should be granted on its breach of contract and breach of guaranty claims.

As to damages, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A court has discretion to conduct an evidentiary hearing on the issues of damages. Fed. R. Civ.

P. 55(b)(2)(B). But an evidentiary hearing is not required if the damages can be "computed with certainty by reference to the pleadings and supporting documents." *See James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993) (citation modified).

**1. ACTUAL DAMAGES**

According to contract, Waltman and Mississippi Fence agreed to pay Puckett for the Equipment. Puckett assigned its rights to Cat Financial. The Installment Sales Contract required monthly payments, under which Waltman and Mississippi Fence defaulted. *See* Installment Sales Contract [1-3] at 1. At the time of filing the [11] Motion, the defendants owed Cat Financial $161,095.80, which included the initial amount owed at the time of the [1] Complaint and the applicable interest. Further, Cat Financial seeks pre-judgment interest and post-judgment interest; the Installment Sales Contract sets the annual interest percentage rate at 4.83%. *See* Installment Sales Contract [1-3] at 1.

**2. SPECIFIC PERFORMANCE**

"As for the relief sought in a complaint, Federal Rule of Civil Procedure 8(a)(3) provides that a pleading that states a claim for relief must contain a demand for the relief sought, which may include relief in the alterative or different types of relief." *Plaza Home Mortg., Inc. v. Innovated Holdings, Inc.*, No. 2:21-cv-38-HSO-BWR, 2023 WL 3145317, at *3 (S.D. Miss. Apr. 3, 2023) (citation modified). Cat Financial requests that the Court order specific performance requiring Waltman and Mississippi Fence to comply with the Installment Sales Contract [1-3] and

return the Equipment to Cat Financial, or otherwise make it available to Cat Financial, within seven business days. Pl.'s Mot. [11] at 6.

Specific performance is a matter "of sound judicial discretion." *Polk Prods. Inc. v. Dowe*, 331 So. 3d 1124, 1130 (Miss. Ct. App. 2021) (citation modified). But, "even with judicial discretion, where a contracting party can feasibly be given what he bargained for, specific performance is the preferred remedy." *Id.* (citation modified). Here, the Installment Sales Contract provides that these defendants must allow Cat Financial to repossess the Equipment should they default on their obligations. *See* Installment Sales Contract [1-3] at 3.

Because the defendants breached the Installment Sales Contract and guaranty agreement, the Court will order the defendants to return the Equipment, or otherwise allow Cat Financial to repossess it, within seven business days. Cat Financial has agreed to provide the defendants with a credit on any monetary judgment for any proceeds from the sale of the Equipment. *See* Pl.s' Mot. [11] at 6.

**3. ATTORNEYS' FEES**

Cat Financial requests pre- and post-judgment attorney's fees. *Id.* at 5 ("Cat Financial respectfully requests leave to update . . . the attorneys' fees it continues to incur."). Under the terms of the Installment Sales Contract, the defendants are obligated to pay the reasonable attorneys' fees and costs Cat Financial incurs to enforce the contract. *See* Installment Sales Contract [1-3] at 3 ("You agree to pay all . . . reasonable attorney's fees incurred by us in enforcing this Contract[.]"). Mississippi enforces contractual provisions for attorneys' fees if the terms are clear

and unambiguous. *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1113 (Miss. 2007); *Trilogy Commc'ns, Inc. v. Thomas Truck Lease, Inc.*, 790 So. 2d 881, 887–88 (Miss. Ct. App. 2001). Thus, the clear and unambiguous language in the Installment Sales Contract entitles Cat Financial to attorneys' fees. At the time of the filing of the Motion for Default Judgment, Cat Financial had incurred a total of $3,499.81. *See* Pl.'s Mot. [11] at 5.[2]

**CONCLUSION**

After reviewing the motion, memorandum and relevant caselaw, the Court finds that Cat Financial is entitled to a default judgment against Defendants Waltman and Mississippi Fence.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff Caterpillar Financial Services Corporation's [11] Motion for Default Judgment against Defendants Chaz Waltman and Mississippi Fence, LLC is **GRANTED**. Cat Financial is awarded damages against Defendants Chaz Waltman and Mississippi Fence, LLC, jointly and severally in the amount of $161,095.80 and attorneys' fees in the amount of $3,499.81. The Court further finds that a continuing judgment should be entered against the defendants, for the per diem $22.19 and pre-judgment and post-judgment interest set at an annual interest percentage rate at 4.83%, which shall continue until the full amount due on the Installment Sales Contract is paid.

[2] To the extent Cat Financial seeks post-judgment attorneys' fees, such a request must be made within fourteen days of the entry of default judgment. *See* Fed. R. Civ. P. 54(d).

The defendants are to return to Cat Financial, or otherwise allow Cat Financial to repossess, the Equipment described in the Installment Sales Contract [1-3] within seven (7) business days of the date of this Order and the accompanying default judgment. The Court will enter a separate default judgment as required by Fed. R. Civ. P. 58(a).

**SO ORDERED AND ADJUDGED** this the 15th day of September, 2026.

s/ Louis Guirola, Jr.
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE